[Civ. No. 5511.   Fourth Dist.   Oct. 14, 1957.]

JEPTHA D. GREENWOOD, Respondent, v. JOE
RACCHINI, Appellant.

Naylor & McCarthy for Appellant.

Henry F. Rager for Respondent.

BARNARD, P. J.—This is an action for damages resulting from a collision between a pickup truck driven by the plaintiff, and a one and a half ton truck driven by the defendant.

The accident occurred about 6 p. m. on September 14, 1953, at the intersection of Cherry and Santa Ana Streets in Fontana. Cherry Street runs north and south and Santa Ana east and west. The plaintiff was traveling east on Santa Ana Street and the defendant was traveling north on Cherry Street. The impact occurred near the center of this intersection, the left front of the defendant's car striking the plaintiff's car near the middle of its right side. There were trees and a house at the southwest corner of this intersection and it is undisputed that this was a blind intersection insofar as these parties are concerned.

The action was tried by the court sitting without a jury, and the court found in all respects in favor of the plaintiff, finding to the effect that the plaintiff suffered damages as a result of the defendant's negligence and that the plaintiff was not guilty of contributory negligence. The judgment awarded the plaintiff $2,000, a motion for a new trial was denied, and the defendant has appealed.

■ The defendant contends that the evidence was insufficient to support the findings in favor of the plaintiff and that the judgment is contrary to the law and the evidence. It is argued that the evidence conclusively shows that the plaintiff exceeded 15 miles an hour while traversing a blind intersection, in violation of section 511 of the Vehicle Code, and that he was also negligent in failing to yield the right of way to defendant who entered the intersection from the plaintiff's right, at the same time or before the plaintiff entered it. In effect, it is argued that it appears as a matter of law that the plaintiff was guilty of contributory negligence which prevents any recovery by him. This contention cannot be sustained, and it clearly appears from the record that the issues of negligence and contributory negligence presented questions of fact for the trial court.

There was ample evidence that the plaintiff entered this intersection first. The plaintiff testified that when he was about 15 feet from the intersection he looked to the south on Cherry; that he could see about 65 or 70 feet; that he saw no other car coming; that when the front of his car was at the intersection line he looked again and did not see another car; that he proceeded into the intersection; that after his truck was completely in the intersection he saw the defendant's car, which was then 30 or 35 feet south of the south line of Santa Ana Street; and that the defendant's car was then going from 45 to 50 miles an hour. He also testified that he had been going about 25 miles an hour before reaching the intersection; that he slowed down as he approached the intersection; that he was going 15 miles an hour at the point where he first saw the defendant's car; and that he then slowed again. At another time he testified that he had been going at 25 miles an hour and that he entered the intersection at somewhere between 25 and 15 miles an hour. The defendant testified that he was traveling north on Cherry Street at about 25 miles an hour; that he slowed down and changed into second gear as he approached the intersection; that he first

saw the plaintiff's car when it was 25 to 40 feet west of the intersection; and that he estimated the plaintiff's speed at from 50 to 55 miles an hour.

While the evidence with respect to the speed of these vehicles is conflicting, the defendant contends that the evidence of skid marks left by the plaintiff's car conclusively shows that the plaintiff was traveling through this intersection too fast. There was evidence that the plaintiff's car left skid marks starting 19 feet west of the west edge of Cherry Street, which continued 12 feet into the intersection to the point of impact and then continued 8 feet more in a northeasterly direction. There was also evidence that the defendant's car left heavy skid marks starting some distance south of the intersection and going to about the point of impact. There was a dispute about those skid marks, one witness saying that they looked fresh and another witness that they did not look fresh. There was ample evidence that the plaintiff entered this intersection first and had the right of way under subdivision (a) of section 550 of the Vehicle Code. Aside from the plaintiff's testimony, the evidence of the skid marks would indicate that the plaintiff entered the intersection first. While the evidence as to the speed of the plaintiff's vehicle while passing through the intersection was conflicting, that evidence presented questions of fact for the trial court including a question of fact as to proximate cause. The evidence, with the inferences which could be drawn from it, supports the findings made and it cannot be held, as a matter of law, that the plaintiff was guilty of contributory negligence.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 11, 1957.